RAFAEL TORRELLAS, Plaintiff and Appellee, *v.* MARIO FUENTES MORALES ET AL., Defendants; and JUAN JAIME ET AL., Defendants and Appellants.

No. 8218. Argued July 22, 1940.—Decided July 26, 1940.

*Harry F. Besosa* for appellants. *F. González Fagundo* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an action of debt brought by Rafael Torrellas against Mario Fuentes, Juan Jaime, American Surety Co. of New York, and the Municipality of Humacao, which was decided by the following:

## "Judgment

"For the reasons set forth in the opinion which is attached to the record and made a part of this judgment, the court sustains the complaint as to Mario Fuentes Morales, Juan Jaime Méndez, and American Surety Co. of New York and adjudges them jointly and severally to pay to the plaintiff the sum of $737.01, amount of the two certificates, which is claimed in the first and second causes of action, together with costs and $200 as attorney's fees; and it dismisses the complaint as to the defendant Municipality of Humacao, and the plaintiff shall pay to the latter the costs incurred by it and $75 as attorney's fees."

Feeling aggrieved by that judgment, two of the defendants took an appeal therefrom, thus:

"Now come the defendants, Juan Jaime and American Surety Co. of N. Y., and through their attorney respectfully notify this Hon. Court that, feeling aggrieved by the judgment rendered on March 11, 1940, and notified on March 14, 1940, by this Hon. Court in the above-entitled case, they appeal therefrom to the Supreme Court of P. R.

"San Juan for Humacao, P. R., this 19th day of March, 1940.

> (Signed)   Harry F. Besosa,
> Attorney for the defendants
> Juan Jaime and American Surety
> of N. Y."

"I, Harry F. Besosa, do hereby certify: That I am the attorney for the defendants in this case and that on this 19th day of March 1940, I have sent by ordinary mail a true and faithful copy of the foregoing Notice of Appeal to Attorneys González Fagundo & Gon-

zález, Jr., to their residence in Humacao, P. R., after paying the necessary postage and there being a regular mail service between that city and San Juan.

(Signed)   Harry F. Besosa.

"This document was filed on this 21st day of March, 1940.

Mariano Acevedo Zeno,
Clerk District Court,
Humacao, P. R.
By: (Sgd.)   J. Medina Oliver,
Deputy Clerk."

In this situation, the plaintiff-appellee has asked this court to dismiss the appeal because of the failure to serve the notice of appeal on the defendant Mario Fuentes Morales; because of the lack of a proper notice of appeal; and because the service of such notice is void.

In support of his contention that it was necessary to serve the codefendant Fuentes with notice of the appeal, the appellee Torrellas cites the following decisions of this court: *The United Porto Rican Bank* v. *Carattini,* 45 P.R.R. 174; *Palerm* v. *Vargas,* 41 P.R.R. 577; *Ninlliat* v. *Suriñach,* 25 P.R.R. 548; *Galafar* v. *Succession of Morales,* 22 P.R.R. 458; *Martínez* v. *Succession of Laurido et al.,* 21 P.R.R. 29; and *Candelas* v. *Ramírez et al.,* 20 P.R.R. 31.

From an examination of the facts it appears that, although defendant Fuentes on whom no notice of appeal was served is a party interested in the action, he is not an adverse or opposite party in the appeal. His interest is common with that of the appellants. This being so, it was not necessary to serve him with such notice, in accordance with the repeated holdings of this court. See *González* v. *Berríos,* decided on the 19th of this instant month of July (*ante,* p. 383), and cases cited therein; *Ramírez* v. *Pumarez et al.,* 28 P.R.R. 111; *Buonomo* v. *Succession of Juncos,* 27 P.R.R. 254; *Collazo* v. *Rivera,* 26 P.R.R. 83; and *Successors of L. Villamil & Co.* v. *Solá,* 22 P.R.R. 496, cited by counsel for the appellants in his oral argument.

Of the cases cited by the defendant-appellee, those of *Ninlliat, supra, Galafar, supra,* and *Candelas, supra,* are adverse to him, and others—*U. P. R. Bank, supra,* and *Martínez, supra*—are inapplicable. The only one that might favor him is *Palerm* v. *Vargas, supra,* where it was said:

"With regard to the second ground, namely, that appellant Pedrosa failed to serve notice of the appeal on his codefendant Vargas, it is contended by the appellant in opposing the motion herein, that such notice was unnecessary because Vargas did not answer the complaint, nor his default had been entered. It appears from the transcript of the record that Vargas filed a demurrer jointly with Pedrosa and then failed to answer the complaint. Vargas is a party interested in the action and should have been served with notice of the appeal."

That case has its own special circumstances and might perhaps be distinguished upon the facts, since there may exist codefendants whose interests are conflicting; but, in any event, since the phrase "party interested," used in the opinion, might lead to error, the same should be clarified in the sense that it means an "adverse, interested party."

As to the contention that there was no notice of appeal, nothing is said to justify such claim. From an examination of the notice it appears indeed that instead of being addressed to the clerk of the court, as the law requires, the notice was addressed to the court; but as it in fact was filed with the clerk, we think that, although defective, it was sufficient.

Lastly, as to the claim that the certificate regarding the service of the notice on the adverse party, the plaintiff, which appears at the end of said notice, is void for lack of an oath, we will say that such a certificate is indeed insufficient as proof of service of the notice. See *Serra* v. *Municipal Court,* 49 P.R.R. 528, cited by the appellee.

However, since at the hearing of the motion to dismiss the appellee through his attorney, assented to the statement made by counsel for the appellants, to the effect that the

former had received the notice, it must be concluded that there was a sufficient compliance with the law, and that the jurisdiction of this court to entertain this appeal is clear.

The motion to dismiss the appeal must therefore be denied.

Mr. Justice De Jesús took no part in the decision of this case.